UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    v.

**RONALD P. BEDRA,**

    **Defendant.**

**Case No. 2:24-CR-48**
**JUDGE EDMUND A. SARGUS, JR.**

**ORDER**

This matter is set for a Sentencing Hearing on October 10, 2024 at 10:00 am. (ECF No. 18.) Rule 32(h) of the Federal Rules of Criminal Procedure requires that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure." Fed. R. Crim. P. 32(h).

This Order serves as notice to the parties that the Court is contemplating an upward variance pursuant to one or more of the sentencing factors under 18 U.S.C. § 3553(a). Although the Court is not required to provide notice when it contemplates an upward variance, rather than a departure, the principle of the notice requirement under Rule 32(h) is served by providing notice here as well. *See United States v. Mason*, No. 21-1814, 2022 U.S. App. LEXIS 29181, at *4 (6th Cir. Oct. 19, 2022) (citing *Irizarry v. United States*, 553 U.S. 708, 714 (2008)) (explaining that due process only requires notice for an upward departure, not an upward variance).

Here, an upward variance may be warranted because of the heinous and cruel nature of the offenses involved, which involved the creation of videos where monkeys were being beaten, and

tortured, both sexually and by having various limbs cut off. *See* 18 U.S.C. § 3553(a)(1). The level of violence in these offenses may support an above-guidelines sentence.

In its Sentencing Memorandum, the Government describes the "Human Impacts of Offense" and discusses the individuals Mr. Bedra and his co-conspirators directed to create the videos of monkey torture. The Government states that Mr. Bedra and his co-conspirators knew that these individuals "were generally Indonesian, were poor and were capable of being manipulated into performing acts of grotesque violence for incredibly small sums of money." (ECF No. 21, PageID 186.) The Presentence Investigation Report, however, states that there are no identifiable victims associated with this case. (*See* ECF No. 17, PageID 81.) If the Government intends for the Court to rely on this information when making its sentencing determination, it should develop the record during the Sentencing Hearing or move to amend Presentence Investigation Report.

To the extent that the parties need additional time based on this Court's Order, the parties may move to continue the Sentencing Hearing currently set for October 10, 2024.

**IT IS SO ORDERED.**

**10/3/2024**                                       **s/Edmund A. Sargus, Jr.**
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                      **UNITED STATES DISTRICT JUDGE**